930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald D. BROWN, Defendant-Appellant.
 No. 90-3650.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1991.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr. and ALAN E. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Counsel for Ronald D. Brown moves to withdraw and has submitted a brief of the issues pursuant to Anders v. California, 386 U.S. 738 (1967), on direct appeal from the district court's order revoking defendant's probation. Brown plead guilty to distribution of heroin in the U.S. District Court in December of 1985. He was sentenced in September of 1986 to 3 years imprisonment with a 6 year special parole term. However, execution of the sentence was suspended, and Brown was placed on 5 years probation. The United States Department of Probation filed a motion to revoke Brown's probation for noncompliance with conditions of probation in December 1988, and the district court conducted a probation revocation hearing. The district court found Brown in violation of the conditions of his probation but did not revoke probation. Rather, the district court imposed additional conditions of probation.
 
 
 3
 Next, the Department of Probation filed a second motion to revoke Brown's probation in May 1989, and a third motion was filed in July 1989. Several hearings were conducted in the district court, but final disposition of the motions was postponed on various occasions with conditions imposed to monitor Brown's behavior. Ultimately, a hearing was conducted in the district court on April 6, 1990, and the district court revoked Brown's probation and imposed the original sentence on April 10, 1990. On appeal, counsel moves to withdraw and represents that defendant's contentions that he was denied effective assistance of counsel and that the district court abused its discretion in revoking his probation are frivolous.
 
 
 4
 Upon consideration, we conclude that the district court did not abuse its discretion in revoking defendant's probation under the circumstances of this case. See United States v. MIller, 797 F.2d 336, 339 n. 4 (6th Cir.1986). Also, defendant's claim of ineffective assistance of counsel is not cognizable in the first instance on direct appeal. See United States v. Iles, 906 F.2d 1122, 1136 (6th Cir.1990). Moreover, the ineffective assistance of counsel claim lacks merit. Accordingly, counsel's motion to withdraw is granted, and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.